UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JARED P. KOURIS                               CIVIL ACTION NO. 12-cv-1339

VERSUS                                        JUDGE WALTER

JAMES LEBLANC, ET AL                          MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

**Introduction**

Jared Kouris ("Plaintiff") is a self-represented former inmate of the Forcht Wade Correctional Center. He was released from prison after he filed this complaint. Plaintiff alleged in his complaint that, despite a prison policy against smoking indoors, inmates continued to smoke in non-smoking areas so that he was subjected to excessive levels of environmental tobacco smoke ("ETS"). The complaint names as defendants DOC Secretary James LeBlanc, Deputy Warden Anthony Batson, Colonel Dennis Ray, and Sergeant Posey.

Before the court is a Motion for Summary Judgment (Doc. 36) filed by LeBlanc, Batson, and Ray. For the reasons that follow, it is recommended that the unopposed motion be granted. It is further recommended that all claims against Sergeant Posey, for whom Plaintiff was unable to provide service information, also be dismissed.

**The Complaint**

Plaintiff alleged in his complaint that he arrived at Forcht Wade in October 2011 as a non-smoker who suffers from asthma and uses an inhaler. He complained that, despite

policies restricting smoking, inmates smoked in all areas, and Sergeant Posey "routinely allowed indoor smoking."

Plaintiff alleged that more than half of the inmates in his dorm were smokers and smoked inside the dorm all day and even more at night. He said they smoked in TV areas, bed areas, and the restroom area. Plaintiff also complained that he was exposed to illicit cigarette smoking when he worked in the kitchen, traveled to the infirmary, lifted weights, or walked in the recreation yard.

Plaintiff alleged that he complained to unspecified "dorm officers and high ranking officials" about the ETS but was brushed off with remarks such as, "Get used to it" or, "This is prison, prisoners smoke." Plaintiff alleged that, even after he filed a grievance, defendants LeBlanc, Batson, and Ray refused to do anything about the smoke.

Plaintiff attached to his complaint copies of the official responses to his grievance. The first-step response was prepared by Colonel Ray, who wrote that he, in response to the grievance, solicited a written statement from Sergeant Posey. Posey categorically denied allowing any offender to smoke in the dorm, stated that he does not smoke, and said it was a violation of policy to allow smoking in dorms or other non-smoking areas. Colonel Ray's response to the grievance relied on Posey's statement and pointed out that plentiful notification had been given to the offender population that smoking inside any building was not allowed. Ray found that no further action was warranted.

Plaintiff appealed to the Secretary level. The signature on the response is illegible, but it appears to be signed by a designee rather than Secretary LeBlanc himself. The

Secretary's response noted the statement by Sergeant Posey and found no reason to doubt his credibility. The first-step response was deemed appropriate given the lack of evidence to substantiate the allegations in the grievance.

**Sergeant Posey**

The Marshal attempted to serve Sgt. Posey through the DOC legal office pursuant to a long-standing agreement with the court for service on current DOC employees. The service was returned unexecuted with a notation that Posey was no longer employed by DOC. Doc. 17. The Attorney General then voluntarily provided under seal the last known address for Posey, who was also identified as Robert Posey. Doc. 27. The Marshal attempted to serve Posey at that private address on three different occasions at different times of the day, but no one was at the home on any of the three visits. Doc. 32.

Plaintiff was then allowed a reasonable time to submit additional service information regarding Posey. The court advised Plaintiff that if he submitted a new address the court would direct the Marshal to attempt service on Posey. Otherwise, the claims against Posey might have to be dismissed due to the inability to serve him. Doc. 34.

Plaintiff did not submit any new service information. The court then entered an order which stated that the claims against Posey would be held in abeyance. Plaintiff was granted leave to conduct any reasonable discovery in an effort to obtain service information for Posey. The court advised Plaintiff that if he submitted such information within a reasonable time, the court would consider directing another attempt at service on Posey. If, however,

Posey was not served by the time the court addressed the merits of the other claims, the claims against Posey would likely be dismissed for lack of service. Doc. 35.

More than four months have passed since that final order. Plaintiff, who is no longer a prisoner, has apparently not taken advantage of the opportunity to conduct discovery and attempt to learn of Posey's current address. He has not filed anything with the court in the last year other than notices of change of address.

The court is obligated to appoint the Marshal to make service in pauper cases, but the plaintiff must bear some responsibility for identifying the defendant and providing accurate service information. The court has exhausted its ability to assist Plaintiff in this regard and has even extended Plaintiff the ability to conduct discovery on the issue, but no accurate address has been provided. Considering these circumstances, the court has no choice but to recommend dismissal of all claims against Sergeant Robert Posey for lack of service.

**LeBlanc, Batson, and Ray**

Plaintiff faults these defendants for his alleged exposure to ETS. The Supreme Court has applied a two-prong test to determine whether exposure to second-hand smoke violates a prisoner's Eighth Amendment right. First, the prisoner must show that he is being exposed to unreasonably high levels of ETS. Helling v. McKinney, 113 S.Ct. 2475, 2482 (1993). In assessing that factor, the court must conduct an inquiry into the seriousness of the potential harm and the likelihood that the smoke will actually cause such harm. Id. The court also has to determine whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Id. Second, the prisoner

must show that prison authorities demonstrated a deliberate indifference to his plight. Id. To act with deliberate indifference, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and they must also draw the inference. Farmer v. Brennan, 114 S.Ct. 1970 (1994).

Defendants have not submitted any summary judgment evidence. The focus of their motion is an assertion that they are entitled to qualified immunity because Plaintiff has not alleged any specific acts by LeBlanc, Batson, or Ray that violated a constitutional right. Defendants are correct that individuals are not liable for Section 1983 claims absent direct personal involvement. Supervisors are not vicariously liable for the acts of their subordinates. Estate of Davis v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986). Defendants have not submitted any summary judgment evidence, but it is not necessary that they do so to shift the burden to Plaintiff. See, e.g., Miss. River Basin Alliance v. Westphal, 230 F.3d 170, 174 (5th Cir. 2000) ("If the burden at trial rests on the non-movant, the movant

must merely demonstrate an absence of evidentiary support in the record for the non-movant's case.").

Defendants' challenge that Plaintiff cannot show any personal involvement by them shifted the summary judgment burden to Plaintiff. His complaint identifies only Sergeant Posey as routinely allowing indoor smoking. Plaintiff stated that he complained to unidentified dorm officers and high ranking officials, but that is not sufficient to permit a jury to find against any of the three movants.

The only mention of the movants in the complaint is in the allegation that, even after a grievance was filed, LeBlanc, Batson, and Ray refused to do anything about the problem. The documents submitted by Plaintiff himself show that Ray looked into the matter by seeking information from Sergeant Posey and verifying that inmates and employees are placed on notice of the smoking policy by way of various bulletins. He also identified the department regulation and stated that it was "strictly enforced." A fact issue defeating summary judgment in a similar ETS exposure case was found, based in part, on notification of the smoking problem to the defendants through written grievances. Murrell v. Chandler, 277 Fed. Appx. 341 (5th Cir. 2008). In this case, however, there is an indication of only one grievance, and it was not ignored. The record reflects that there was a reasonable investigation and response. The record lacks a copy of the grievance itself, so there is no evidence that Plaintiff notified Colonel Ray by his grievance that he was suffering health problems as a result of the alleged smoking regulation violations. A record of grievances and other notifications to prison officials can give rise to a genuine dispute of material fact, but

the mere evidence of one grievance, which received a reasoned response, does not rise to that level. Colonel Ray is entitled to summary judgment.

As for Secretary LeBlanc, this court has granted him summary judgment in another ETS exposure case where it was argued he should have responded to a grievance appeal by remedying the situation. Black v. LeBlanc, 2013 WL 1500990 (W.D. La. 2013). That ruling was based in part on the Fifth Circuit's statement in Porter v. Epps, 659 F.3d 440, 448 (5th Cir. 2011) that the Commissioner of the Mississippi DOC could not be deemed to be personally involved in a matter merely because a Deputy Commissioner signed his name to an order that denied an administrative appeal. The record indicates that a designee for Secretary LeBlanc handled the grievance appeal in this case. There is no evidence of LeBlanc's personal involvement, so he is entitled to summary judgment.

The complaint and its exhibits do not contain any indication that Deputy Warden Anthony Batson had any personal involvement in reviewing or responding to the grievance or was otherwise made aware of Plaintiff's ETS complaints. There is no other potential basis for his personal liability. He is also entitled to summary judgment.

Defendants successfully shifted the summary judgment burden to Plaintiff. He did not respond to the motion, and his prior filings contain nothing to satisfy his burden. Defendants are entitled to summary judgment. It is also worth noting that Plaintiff's request for injunctive relief banning cigarette sales in DOC facilities was rendered moot when he was released from prison. See Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir. 1991).

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Summary Judgment (Doc. 36)** filed by LeBlanc, Batson, and Ray be **granted** and that all claims against them be **dismissed with prejudice**. It is further recommended that all claims against Sergeant Posey be **dismissed without prejudice** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of March, 2014.

Mark L. Hornsby
U.S. Magistrate Judge